UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
Re: Ryan and Kristen Middleton
Case No. 24-32525-KRH
Chapter 13

## CREDITORS' MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7 AND TO DENY DISCHARGE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1307(c), 727(a)

COMES NOW, Ryan and Miriam Hoebelheinrich, Michael and Gayle Kelly, Chris and Carlie Melton, Jarad Piniarski, Cherri and John Jones, creditors in the Chapter 13 case 24-32525, respectfully move this Court to convert the Debtors Ryan and Kristen Middleton's Chapter 13 case to a Chapter 7 case, while simultaneously requesting that the Court deny any discharge of unsecured creditors upon conversion or any future discharge of those unsecured debts.

### STATEMENT OF FACTS
1. The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on July 8, 2024.

2. Due to the debtor's unfeasible plan, defaulted payments, and multiple misrepresentations by omission and commission, failure to appear at hearings, and failure to produce required documents for Rule 2004 examinations, conversion to Chapter 7 would be in the best interests of the debtor's creditors.

3. Due to the debtor's conduct acting in bad faith, creating unreasonable delays and prejudice towards creditors, we specifically request that the Court deny any discharge of unsecured creditors upon conversion, effectively leaving all unsecured debts outstanding.

### GROUNDS FOR RELIEF
Pursuant to 11 U.S.C. § 1307(c), Creditors move to convert this case to Chapter 7 based on cause, including the Debtor's bad faith, fraudulent conduct, and noncompliance with the Bankruptcy Code and court orders. Creditors further seek to deny the discharge of all unsecured debts under 11 U.S.C. §§ 727(a).

### FRAUDULENT CONCEALMENT OF PROPERTY AND FAILURE TO DISCLOSE ASSETS

The Debtors have failed to disclose material assets in the schedules, including but not limited to Wells Fargo accounts, professional licenses, machinery and tools of trade, and 100 percent interest in Middleton Construction LLC, per the findings of the trustee

Suzanne E. Wade and listed in the Trustee's motion to dismiss with prejudice or convert that was filed on October 28, 2024.

Evidence suggests the Debtor has intentionally concealed assets in violation of 11 U.S.C. § 521 and Bankruptcy Rule 1007, depriving creditors of an accurate and complete financial picture.

These and other misrepresentations and omissions indicate bad faith and undermine the integrity of the bankruptcy process.

The Debtors filed this Chapter 13 case in bad faith with the intent to delay and frustrate Creditor's ability to collect its lawful debts.

The Debtor's behavior demonstrates an abuse of the bankruptcy system, warranting conversion under 11 U.S.C. § 1307(c)

**Failure to Produce Documents and Appear at Rule 2004 Examination**

This Court issued an order on October 16, 2024 requiring the Debtors to produce documents and appear for a Rule 2004 examination. The Debtors have failed to comply with that order.

The Debtors' refusal to produce documents and submit to examination obstructs the administration of this case and violates the Court's authority.

**Failure to Appear at Hearings**

The Debtor has failed to appear at hearings scheduled for August 9, 2024, October 16, 2024, and November 20, 2024 further demonstrating contempt for the bankruptcy process.

**Denial of Discharge Under 11 U.S.C. §§ 727(a)**

The Debtors' fraudulent conduct, concealment of property, misrepresentations, omissions, and noncompliance with court orders warrant denial of discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), and (a)(4).

**RELIEF REQUESTED**

WHEREFORE, the creditors respectfully request that this Court enter an order:

- Converting the above-captioned case from Chapter 13 to Chapter 7 pursuant to 11 U.S.C. § 1307(c);
- Denying the discharge of all unsecured debts pursuant to 11 U.S.C. §§ 727(a);

- Issue an order directing the Chapter 7 Trustee to proceed with liquidation of non-exempt assets, if applicable, while still leaving all unsecured debts outstanding.

- Such and all other relief the court deems necessary or appropriate.

Dated: November 20, 2024

Respectfully submitted,
Ryan and Miriam Hoebelheinrich, creditors

Michael and Gayle Kelly, creditors

Chris and Carlie Melton, creditors

Jarad Piniarski, creditor

Cherri and John Jones, creditors