**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

Ryan Middleton,
Kristen Middleton,
        Debtors.

Chapter 7
Case Number 24-32525-KRH

**MOTION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW Matthew W. Cheney, Acting United States Trustee for Region Four (the "United States Trustee"), through the undersigned counsel, and for his motion for examination of, and request for production of documents from, Ryan Middleton ("Mr. Middleton") and Kristen Middleton ("Mrs. Middleton," and together with Mr. Middleton, the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Kathryn R. Montgomery, Esq., AUST (Va. Bar No. 42380)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Nisha R. Patel, Esq. (Va. Bar No. 83302)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310

## FACTS

4. On July 8, 2024 (the "Petition Date"), the Debtors, with the assistance of Christopher Mark Winslow, Esquire ("Mr. Winslow"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code. ECF 1.

5. Also on July 8, 2024, the Debtors signed, under penalty of perjury, and authorized the filing of, a summary of assets and liabilities and certain statistical information, schedules A-J, a declaration (collectively, the "Schedules"), a statement of financial affairs (the "Statement of Financial Affairs"), and a statement of current monthly income. *Id.*

6. On Schedule A/B, the Debtors reported assets totaling $348,100.00, including two (2) checking and two (2) savings accounts with Virginia Credit Union. *Id.* at 13-16.

7. On Schedule I, the Debtors reported that Mrs. Middleton was employed in an unspecified role with Bon Secours Mercy Health as of the Petition Date. *Id.* at 41.

8. On the Statement of Financial Affairs, the Debtors reported the closure of three (3) bank accounts with Citizens & Farmers Bank in September 2023. *Id.* at 51.

9. Suzanne E. Wade (the "Chapter 13 Trustee") was appointed on July 9, 2024. ECF 7.

10. On August 12, 2024, the United States Trustee rescheduled the first meeting of creditors required by 11 U.S.C. § 341 (the "341 Meeting") from August 9, 2024, to September 12, 2024. ECF 14.

11. On September 12, 2024, counsel for the Chapter 13 Trustee convened the 341 Meeting and questioned the Debtors. Among other things, the Debtors testified to the following:

    a. That as of the Petition Date, Mr. Middleton had accounts with CashApp and Venmo;

    b. That as of the Petition Date, Mrs. Middleton had a bank account with Wells Fargo;

    c. That at least one of the Debtors' bank accounts with Citizens & Farmers Bank was not closed until April 2024;

    d. That at least one of the bank accounts with Citizens & Farmers Bank belonged to the Debtors personally; and

    e. That the Defendants sold a recreational vehicle, two firearms, a stand-up freezer, a chest freezer, a lawnmower, a set of weights, and a lawnmower in the two (2) years preceding the Petition Date.

12. On October 8, 2024, the Chapter 13 Trustee filed an objection to confirmation of the Debtors' proposed chapter 13 plan (the "Plan"). ECF 26.

13. On October 16, 2024, Mr. Winslow, the Chapter 13 Trustee, and creditors Ryan and Miriam Hoebelheinrich, Michael and Gayle Kelly, Chris and Carlie Melton, Jarad Piniarski, and Cherri and John Jones (collectively, the "Objecting Creditors") appeared at the hearing set to determine confirmation of the Plan; however, the Debtors were not present. Following the hearing, this Court entered an order denying confirmation of the Plan. ECF 49.

14. On October 28, 2024, the Chapter 13 Trustee filed a Motion to Dismiss with Prejudice and Bar to Discharge, or Motion to Convert Case from Chapter 13 to Chapter 7 (the "Chapter 13 Trustee's Conversion Motion"). ECF 63.

15. On November 22, 2024, the Objecting Creditors filed a Motion to Convert Chapter 13 Case to Chapter 7 and to Deny Discharge of Unsecured Creditors Pursuant to 11 U.S.C. §§ 107(c), 727(a) (the "Objecting Creditors' Conversion Motion"). ECF 71.

16. On November 26, 2024, Mr. Winslow and counsel for the Chapter 13 Trustee

appeared at the hearing on the Chapter 13 Trustee's Conversion Motion; however, the Debtors failed to appear.

17.    Following the hearing on the Chapter 13 Trustee's Conversion Motion, the Court entered an *Order Holding Debtors in Contempt and Imposing Sanctions*, which order reflects that the Debtors neither requested, nor received, permission from the Court not to appear on November 26, 2024. ECF 75.

18.    On December 2, 2024, the Court entered an *Order of Conversion of Chapter 13 to Chapter 7*. ECF 77.

19.    On December 3, 2024, William Anthony Broscious (the "Chapter 7 Trustee") was appointed to replace the Chapter 13 Trustee.  ECF 78.

20.    On December 18, 2024, the Court held a hearing on the Objecting Creditors' Conversion Motion.  Mr. Winslow and the Objecting Creditors appeared at the hearing; however, the Debtors failed to appear.

21.    Following the hearing on the Creditors' Conversion Motion, the Court entered a *Second Order Holding Debtors in Contempt and Imposing Sanctions*, which order reflects that the Debtors neither requested, nor received, permission from the Court not to appear on December 18, 2024. ECF 90.

22.    On December 20, 2024, Mr. Winslow filed a Motion to Withdraw. ECF 91.

23.    On January 6, 2025, the Chapter 7 Trustee convened the 341 Meeting.  Mr. Winslow and the Objecting Creditors appeared; however, the Debtors were not present.

24.    On January 7, 2025, the United States Trustee filed a certification, pursuant to Rule 2003-1(B) (the "Certification"), of the Debtors' failure to appear at the 341 Meeting. ECF 100.

25.     On January 8, 2025, this Court entered an *Order Setting Hearing*. ECF 101.

26.     On January 13, 2025, this Court rescheduled the hearing on the Certification from January 29, 2025, to February 20, 2025. ECF 107.

27.     On February 19, 2025, this Court rescheduled the hearing on the Certification from February 20, 2025, to February 27, 2025. ECF 109.

28.     At the hearing on the Certification held on February 27, 2025 – at which both Debtors, the Objecting Creditors, Mr. Winslow, and the United States Trustee appeared – the Court ordered the Debtors to appear at a new 341 Meeting to be held on March 10, 2025 (the "March 341 Meeting").

29.     Also on February 27, 2025, this Court heard from the Objecting Creditors regarding the Debtors' failure to comply with prior orders requiring the Debtors to turn over various documents and to participate in an examination, pursuant to Rule 2004 of the Rules of Federal Procedure. Following the hearing, the Court entered an *Order Compelling Compliance with Court Orders*, which order required the Debtors to provide an itemized list of documents to the Objecting Creditors no later than March 5, 2025. ECF 123.

30.     On March 7, 2025, this Court entered an *Order on Motion to Withdraw as Counsel.* ECF 129.

31.     On March 10, 2025, the Chapter 7 Trustee convened the March 341 Meeting and placed the Debtors under oath. During approximately three (3) hours of testimony, the Debtors testified that they had provided only some of the documents set forth in the *Order Compelling Compliance with Court Orders* to the Chapter 7 Trustee and had provided nothing to the Objecting Creditors.

32.     Shortly before the March 341 Meeting was adjourned by the Chapter 7 Trustee at

approximately 5:10 P.M., the Debtors confirmed that they would "immediately" forward to the Objecting Creditors all information that had been provided to the Chapter 7 Trustee in advance of the March 341 Meeting. They further confirmed that they would obtain the outstanding items due to the Objecting Creditors, and to the Chapter 7 Trustee, "as soon as possible." Lastly, they confirmed that they would amend their Schedules and Statement of Financial Affairs, and file the items required in the *Order of Conversion of Chapter 13 to Chapter 7*, no later than March 21, 2025.

33. The adjourned 341 Meeting is scheduled for May 5, 2025, at 2:00 P.M. ECF 132.

34. Upon information and belief, as of approximately 12:30 P.M. on March 11, 2025, the Debtors have not provided any information to the Objecting Creditors.

35. Upon information and belief, the Chapter 7 Trustee is also waiting on several items from the Debtors, including their tax returns, proof of income for Mr. Middleton, general ledgers and profit and loss information for Middleton Construction, LLC, vehicle lien and payoff information, and bank statements reflecting account balances as of the Petition Date.

## LEGAL ARGUMENT

36. Rule 2004 of the Federal Rules of Bankruptcy Procedure permits any party in interest to examine and/or move for the production of documents from an entity when such examination and/or documentation relates to the acts, conduct, property, assets, liabilities, or financial condition of the debtor, to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge. Fed. R. Bankr. P. 2004.

37. The United States Trustee is a Department of Justice official charged with, among other things, supervision of the administration of bankruptcy cases. 28 U.S.C. § 586(a)(3).

38. The United States Trustee asserts that the documents requested herein relate to the

Debtors' assets, liabilities, and financial condition, as well as to matters that may affect the administration of their estate, and ultimately, their right to a discharge.

39. The United States Trustee respectfully requests that this Court enter an order substantially in the form of the order attached as Exhibit A, which order requires the Debtors to (a) produce certain documents and/or information no later than March 21, 2025, and (b) appear for an examination under oath at the Office of the United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia, 23219, at a date and time to be determined, but no later than April 25, 2025, unless otherwise agreed to by the parties.

40. In accordance with the Local Bankruptcy Rules of this Court, the United States Trustee will contact the Debtors and attempt to obtain a date and time agreeable to all parties for the examination. If no objections to this Motion are filed within seven (7) days, the United States Trustee will tender to the Court an order either certifying that the date has been set by agreement, or that a good faith effort has been made to set a date without success.

WHEREFORE, the United States Trustee, by counsel, respectfully requests that this Court enter an order requiring the Debtors to produce certain documents and/or information no later than March 21, 2025, and to appear for an examination at the Office of the United States Trustee no later than April 25, 2025, unless otherwise agreed to by the parties, and for such other relief as this Court deems just and proper.

    Respectfully requested,

    MATTHEW W. CHENEY
    Acting United States Trustee
    Region Four

    By **/s/ Nisha R. Patel**
    Nisha R. Patel, Esquire
    Trial Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 11, 2025, a true copy of the foregoing was served via electronic mail pursuant to the Administrative Procedures of the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Virginia to all parties registered for electronic notices, and mailed via first-class mail to the following:

Ryan Middleton
13321 Coverly Road
Amelia Court House, VA 23002

Kristen Middleton
13321 Coverly Road
Amelia Court House, VA 23002

                                            **/s/ Nisha R. Patel**
                                            Nisha R. Patel, Esquire

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

Ryan Middleton,
Kristen Middleton,
        Debtors.

Chapter 7
Case Number 24-32525-KRH

**PROPOSED ORDER GRANTING UNITED STATES TRUSTEE'S MOTION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the motion for examination and production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion") filed by Matthew W. Cheney, Acting United States Trustee for Region 4 (the "United States Trustee") on March 11, 2025; it appearing that the relief requested in the Motion is just and proper; it is hereby

**ORDERED** that the Ryan Middleton ("Mr. Middleton") and Kristen Middleton ("Mrs. Middleton", and together with Mr. Middleton, the "Debtors") shall produce, no later than March 21, 2025, the following documents to the Office of the United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219:

(1) Complete copies of all pay stubs or pay advices in chronological order reflecting income earned by Mr. Middleton from January 1, 2022, through February 28, 2025;

(2) Complete copies of all pay stubs or pay advices in chronological order reflecting income earned by Mrs. Middleton from January 1, 2022, through February 28, 2025;

(3) For any side jobs worked by Mr. Middleton between January 1, 2022, and February 28, 2025, an itemization in chronological order of all income received from the same;

(4) For any side jobs worked by Mrs. Middleton between January 1, 2022, and February 28, 2025, an itemization in chronological order of all income received from the same;

(5) Complete copies of any W-2s, 1099s, and any other tax documents issued to either of the Debtors for the 2022, 2023, and 2024 tax years;

(6) Complete copies of the Debtors' federal tax returns for the 2022, 2023, and if filed, 2024 tax years;

(7) For Middleton Construction, LLC, general ledgers, balance sheets, and profit and loss statements in chronological order from January 1, 2022, through February 28, 2025;

(8) For any checking, savings, and/or peer-to-peer accounts individually owned by Mr. Middleton, or jointly owned by Mr. Middleton and another person and/or entity, at any time between January 1, 2022, and February 28, 2025, complete copies of all statements issued or reflecting transactions dated between January 1, 2022, and February 28, 2025;

(9) For any checking, savings, and/or peer-to-peer accounts individually owned by Mrs. Middleton, or jointly owned by Mrs. Middleton and another person and/or entity, at any time between January 1, 2022, and February 28, 2025, complete copies in chronological order of all statements issued or reflecting transactions dated between January 1, 2022, and February 28, 2025;

(10) For any checking, savings, and/or peer-to-peer accounts individually owned by Middleton Construction, LLC, or jointly owned by Middleton Construction, LLC and another person and/or entity, at any time between January 1, 2022, and February 28, 2025, complete copies in chronological order of all statements issued or reflecting transactions dated between January 1, 2022, and February 28, 2025; and it is further

**ORDERED** that the Debtors shall appear for examination at the Office of the United States Trustee, 701 East Broad Street, Suite 4304, Richmond, VA 23219, on a date and time to

be agreed upon between the parties, but no later than April 25, 2025, unless otherwise agreed to by the parties.

ENTERED: _____

_____

Notice of entry: _____

I ask for this:

**MATTHEW W. CHENEY**
**Acting United States Trustee, Region Four**

**/s/ Nisha R. Patel**
Kathryn R. Montgomery, Esq., AUST (VSB No. 42380)
Shannon Pecoraro, Esq. (VSB No. 46864)
Nisha R. Patel, Esq. (VSB No. 83302)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Nisha.R.Patel@usdoj.gov

## **CERTIFICATION**

I hereby certify that this Order has either been served on or signed by all necessary parties.

_____
Nisha R. Patel, Esquire

Service List:

Ryan Middleton
13321 Coverly Road
Amelia Court House, VA 23002

Kristen Middleton
13321 Coverly Road
Amelia Court House, VA 23002